[Civ. No. 18402.   First Dist., Div. Two.   Nov. 16, 1959.]

REDWOOD THRIFT OF CALIFORNIA (a Corporation), Appellant, v. W. H. STEPHENSON, as Commissioner of Corporations, etc., Respondent.

*Assigned by Chairman of Judicial Council.

George F. Jansen for Appellant.

Stanley Mosk, Attorney General, Harold B. Haas and Victor Griffith, Deputy Attorneys General, for Respondent.

DRAPER, J.—Appellant is an industrial loan corporation. Respondent Commissioner of Corporations, on January 9, 1958, ordered appellant to make good an impairment of capital, to comply with the law limiting individual loans, and to discontinue unsafe and injurious practices. (Fin. Code, §§ 18814, 18815.) Appellant was ordered to show cause why such orders should not be made final. (Fin. Code, § 18816.) Following administrative hearing, and upon recommendation of the hearing officer, a final order was issued by the commissioner. Upon appellant's petition, the superior court issued alternative writ of mandate and enjoined the commissioner from carrying out his order and from interfering with appellant's business pending determination of the mandamus proceeding. After

hearing and upon the record of the administrative proceeding, the trial court denied peremptory writ, discharged the alternative writ, and dismissed its stay order This appeal follows.

■ Appellant's principal contention is that the evidence does not support the finding of the hearing officer and of the trial court that appellant's capital was impaired. It is conceded that in determining what are "reasonable reserves" (Fin. Code, § 18616), it is proper to "age" the accounts and to require greater reserves for accounts which have been delinquent for longer periods of time  A regulation then in force required establishment of delinquency schedules grouping accounts which are three to six months delinquent, those which are six to twelve months delinquent, and those delinquent for more than one year.  (Cal. Admin. Code, tit. 10, § 1236.)  Appellant does not contend that this age grouping is exclusive, but argues that to require a reserve for accounts less than three months delinquent the commissioner must show that such requirement is "in accordance with standard accounting and business practice prevailing in the banking business."  (Fin. Code, § 18616.)  In fact, the commissioner required a 10 per cent reserve for accounts 0-90 days delinquent.  This reserve amounts to $87,046.72 of the total reserves required by the commissioner's order.  The trial court found that there was no evidence of "standard accounting and business practice prevailing in the banking business" to support the requirement of a 10 per cent reserve for such accounts. However, the trial court also found, on substantial evidence, that such reserve requirement was based on "the standard of sound accounting practices generally in use . . . with other industrial loan companies similarly situated . . . "  The court concluded that the absence of specific evidence of banking practice, together with errors of calculation, were not substantial and "that justice is best served in this case by denying the petition."  This determination is clearly warranted by the evidence that appellant's capital was impaired by more than $119,000, even after giving effect to all claims of appellant. We join in the trial court's conclusion.

■ Appellant now argues that the amounts of reserves required for accounts delinquent 3-6 months, 6-12 months, and more than one year were not established by evidence showing them to be in accordance with practice prevailing in the banking business.  But these contentions were not raised at the administrative hearing or before the trial court.  It is late to raise the issue now. Further, the Administrative Code

establishes the validity of the time-grouping chosen. There is evidence in the record which is subject to the construction that the percentages of reserve required for each of these periods of delinquency is in accordance with standard practice.

Finally, appellant suggests that even though the evidence clearly shows more than $119,000 in additional reserves required to correct the impairment of capital, and despite the showing of two individual loans in excess of the amounts permitted by section 18668, and of entirely unsatisfactory accounting practices by appellant, it was prejudiced by commissioner's order determining the reserve deficiency to be $231,000. The argument is that the commissioner's order fixing the impairment at the larger amount deprived appellant of the opportunity to correct the lesser impairment which actually was established. We are unimpressed. At the administrative hearing, the assistant commissioner, under questioning by appellant's counsel, indicated a willingness to discuss with the commissioner possible modification of the reserve requirements which were disputed by appellant. At the close of that hearing, appellant's president was asked whether he could "make any statement as to putting up any amount of money." The president replied that "there is no cash or other property" which could be contributed toward making good the impairment. At the trial of this mandamus proceeding, the trial court specifically found that the items then disputed by appellant were not properly established as impairments. Yet the record is barren of any showing that appellant ever asked either the court or the commissioner to modify the order so as to show but $119,000 required to cover the impairment. We can readily conceive of situations in which serious prejudice would result from an excessive demand by the commissioner. On the record here, this clearly is not such a case.

The record establishes grave shortcomings in appellant's reserves, shows the existence of illegal loans, and demonstrates inadequacy of the books kept. The trial court's determination not to issue the writ which would have continued appellant in business was fully justified. It thus is unnecessary to consider respondent's motion to dismiss the appeal.

Motion to dismiss denied. Judgment affirmed.

Dooling, Acting P. J., and Stone, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.